BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT     )
HUNTINGTON, WEST VIRGINIA ON    )     DOCKET NO. 94
NOVEMBER 14, 1970               )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S.
LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

In the fall of 1970 a Southern Airways jet, chartered by Marshall University's football team, crashed near Huntington, West Virginia, fatally injuring all seventy passengers and five crew members. There are now ten actions [1] pending in six different districts asserting claims arising from the crash. Four of the actions are pending in the Southern District of New York, two in the District of New Jersey, and one each in the Eastern District of New York, District of Columbia, Eastern District of Kentucky and Southern District of West Virginia.

---

* Judges Wisdom and Becker were unable to attend the hearing on this matter but have, with the consent of the parties, participated in this decision.
[1] At the time the Show Cause Order was entered an additional action was pending in the Northern District of Georgia. It has since been settled and dismissed. At the hearing on this matter, the Panel was advised by counsel for plaintiff Pruitt and defendant Southern that an action brought by Pruitt in the state courts of New York had been removed to the Southern District of New York. Since the hearing this action has been transferred to the Southern District of West Virginia under 28 U.S.C. §1404(a), and is included on the attached Schedule A.

-2-

On December 16, 1971, the Panel ordered the parties to these actions to show cause why they should not be transferred to a single district for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407. Responses have been received from defendants Southern Airways, Kollsman Instrument, Corp., and the United States of America. At the hearing on this matter counsel for one plaintiff, Pruitt, also appeared.

Of the responding parties, only the United States favors transfer of the litigation under Section 1407. We have, nevertheless, concluded that the questions of fact common to all actions concerning the cause of the crash make them appropriate for pretrial assignment to a single judge. Here, as in other air disaster litigation, transfer under Section 1407 will avoid potential duplication of pretrial effort, serving the convenience of parties and witnesses and advancing the just and efficient conduct of the actions. See e.g., In re Denver, Colorado Air Disaster, ___ F. Supp. ___ (J.P.M.L. February 29, 1972); In re Las Vegas, Nevada Air Disaster, 336 F. Supp. 414 (J.P.M.L. 1972).

Southern Airways contends that transfer of these actions is unnecessary. It has urged, since the filing of its initial response several months ago, that the passenger claims asserted in four of the cases in the Southern District of New York and in two cases in the District of New Jersey are settled and will soon be dismissed. And it maintains that the third party actions

-3-

for indemnification filed by it against the United States in
the two New Jersey actions should not be included in any trans-
fer because they involve questions of law different from those
raised by the passenger claims against Southern.  For this
reason Southern urges that only five actions are involved and
notes that three of those five are brought by the same plain-
tiff, reducing the actual number of lawsuits involved to two. [2]
And although it would like to see both of these two passen-
ger claims transferred to the Southern District of West
Virginia, where the crash occurred, Southern requests the
Panel to defer action so that it can seek transfer for all
purposes under 28 U.S.C. §1404(a). [3]

Counsel for plaintiff Pruitt adopts the arguments of
Southern concerning the number of actions actually involved.
He also argues that the liability issue is relatively uncom-
plicated and that the litigation is not sufficiently complex
to warrant the Panel's attention.  Defendant Kollsman Instru-
ment Corp. also opposed transfer in a response filed with the
Panel, asserting that it is a defendant in the Eastern District
of New York action only and that this litigation is not the
type contemplated for transfer by the statute.

_____

[2]  The three actions brought by the same plaintiff are:
Elizabeth Pruitt v. Southern Airways, Inc. E.D. Ky., Civil
Action No. 1039; Elizabeth Pruitt v. Southern Airways,
D. D.C., Civil Action No. 2274-71; Elizabeth Pruitt v. Southern
Airways, Inc. S.D. W.Va., Civil Action No. 2963
    Southern contends that Pruitt will ultimately proceed
with only one of the three suits and that the only other
passenger claim  not settled is that of plaintiff Nathan in
the Eastern District of New York.
[3]  Since the hearing Southern has secured transfer of one of
the Pruitt actions to West Virginia.  See n. 1, supra.

-4-

We reject the logic of Southern Airways and Pruitt in concluding that only two actions are pending here.  In spite of the assurances of Southern that six of the passenger claims have been settled, none of them have been dismissed.  And, although three of the remaining actions are brought by the same plaintiff, there is still a risk of duplication of effort in those actions.

We also reject the argument that Southern Airways' third-party claims against the United States should not be transferred for pretrial proceedings with the passenger claims.  There are admittedly different questions of law involved in these two categories of claims, but Section 1407 requires the existence of common questions of fact, not common questions of law. Both types of claims involve the common factual background con-cerning the events surrounding the crash and will benefit from assignment to a single judge.

The United States has proposed the Southern District of West Virginia as the appropriate transferee forum for this litigation and, while Southern Airways disputes the number of cases to be transferred and prefers transfer for all purposes, it argues that West Virginia is the most logical situs for the litigation.  Opposition to this choice comes from plaintiff Pruitt, who asserts that the Southern District of West Virginia is an inconvenient forum for the parties and witnesses to this litigation and suggests that the cases be sent to a

-5-

metropolitan area, such as the Southern District of New York
or the District of Columbia.

Our past decisions have generally assigned air crash
litigation to the district in which the crash occurred, unless
the facts of a particular litigation made another district
more appropriate.  In re Denver, Colorado Air Disaster, supra;
In re Las Vegas, Nevada Air Disaster, supra.  No reason has
been shown for deviating from the general rule in this case.
Nor can we see any reason for deferring our decision until
Southern has attempted to secure transfer of the cases to the
Southern District of West Virginia under 28 U.S.C. §1404(a).
As we have already stated, all of these actions should be trans-
ferred, not just the two referred to by Southern.  And our order
of transfer under Section 1407 will not preclude Southern from
later applying to the appropriate court for transfer of any
action for all purposes under 28 U.S.C. §1404(a). [4]

IT IS THEREFORE ORDERED that all actions listed on the
attached Schedule A be, and the same hereby are, transferred
to the Southern District of West Virginia and, with the consent
of that court, assigned to the Honorable K. K. Hall for
coordinated and consolidated pretrial proceedings pursuant
to 28 U.S.C. §1407.

---

[4]   See e.g., In re Antibiotic Antitrust Actions, 333 F.
Supp. 299 (S.D. N.Y.) pet. for writ of mandamus denied sub
nom. Pfizer, Inc. v. Lord, 447 F. 2d 122 (2d Cir. 1971);
Jack Winter, Inc. v. Koratron Co. 326 F. Supp. 121 (N.D. Cal.
1971); In re Koratron Patent Litigation, 302 F. Supp. 239
(J.P.M.L. 1969); In re Fairland,  Indiana Air Disaster, 309
F. Supp. 621 (J.P.M.L. 1969).

SCHEDULE A                                      DOCKET NO. 94

### DISTRICT OF NEW JERSEY

Maja Harris, etc. v. Southern          Civil Action
Airways                                No. 1655-70

Maja Harris, etc. v. Southern          Civil Action
Airways                                No. 1670-70

### SOUTHERN DISTRICT OF NEW YORK

Phyllis Anne Loria, etc. v. Southern   Civil Action
Airways, Inc., et al.                  No. 70 Civ 5278

Yolanda Gloria Shoebridge, etc. v.     Civil Action
Southern Airways, Inc., et al.         No. 71 Civ 257

Marie C. Gilmore, etc. v. Southern     Civil Action
Airways, Inc., et al.                  No. 71 Civ 245

Israel Lajterman, etc. v. Southern     Civil Action
Airways, Inc., et al.                  No. 71 Civ 246

### EASTERN DISTRICT OF NEW YORK

George J. Nathan, etc. v. Southern     Civil Action
Airways, et al.                        No. 71 C 1158

### EASTERN DISTRICT OF KENTUCKY

Elizabeth Pruitt, etc. v. Southern     Civil Action
Airways, Inc.                          No. 1039

### DISTRICT OF COLUMBIA

Elizabeth Pruitt, etc. v. Southern     Civil Action
Airways, Inc.                          No. 2274-71

### SOUTHERN DISTRICT OF WEST VIRGINIA

Elizabeth Pruitt, etc. v. Southern     Civil Action
Airways, Inc.                          No. 2963